# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Zeyi Liu, | No. CV-26-01019-PHX-DJH (DMF) |
| Petitioner, | **ORDER** |
| v. | |
| David R. Rivas, et al., | |
| Respondents. | |

On February 13, 2026, Petitioner, through counsel, filed a habeas corpus petition under 28 U.S.C. § 2241 seeking release from immigration detention. (Doc. 1). By Order dated February 17, 2026, the Court ordered Respondents to show cause for why the Petition should not be granted. (Doc. 4). The Petition is now fully briefed. (Docs. 5, 6). For the reasons that follow, the Court will grant the Petition and order that Petitioner be immediately released from custody.

## I.　Background

Petitioner is a native of China who entered the United States December 12, 2024, and taken into immigration custody that same date. (Doc. 5-1 ¶¶ 5-6). On February 4, 2025, Petitioner expressed fear of return to China, and was given a credible fear interview. (*Id.* ¶ 7). Petitioner's fear was found to be credible, and the case was referred to an immigration judge (IJ). (*Id.* ¶ 8). On August 7, 2025, the IJ ordered Petitioner removed to China, but granted withholding of removal to China. (*Id.* ¶ 9). The parties waived appeal, the order became final that same day. (*Id.*).

On August 13, 2025, ICE Enforcement and Removal Operations (ERO) contacted its headquarters "for assistance with third country removal." (*Id.* ¶ 11). On September 23, 2025, headquarters responded that it was "working with the United States Department of State," and that "Petitioner's case is being tracked." (*Id.* ¶ 12). On November 3, 2025, headquarters "submitted a request for third country removal assistance" to the Department of State, and, the next day, the Department of State indicated that it "would be taking the lead on identifying a third country and to await further guidance." (*Id.* ¶¶ 13-14). No further guidance—or, indeed, any other communication from the Department of State—has been provided.

As of the date of this Order, Petitioner remains detained by ICE.

## II.    Legal Standard

Petitioner's continued detention is governed by 8 U.S.C. § 1231 and *Zadvydas v. Davis*, 533 U.S. 678 (2001). Under § 1231(a)(1), the Government has 90 days in which to remove an alien once a removal order becomes final. Detention during this removal period is mandatory. 8 U.S.C. § 1231(a)(2). If the Government is unable to effect removal within the 90-day removal period, however, continued detention of aliens such as Petitioner becomes discretionary. 8 U.S.C. § 1231(a)(6). That discretion, however, is not unfettered, and indefinite detention is not permitted. *Zadvydas*, 533 U.S. at 689 (8 U.S.C. § 1231(a)(6) "does not permit indefinite detention."). This is not to say that every alien like Petitioner must be released once the 90-day removal period has expired. 533 U.S. at 701. Rather, the Supreme Court in *Zadvydas* recognized an implicit post-§ 1231(a)(2) period in which continued detention is "presumptively reasonable" and does not violate the Fifth Amendment. *Id.* The *Zadvydas* Court concluded that this "presumptively reasonable" period extends for no more than 6-months once an order of removal becomes final (including the 90-day mandatory detention period under § 1231(a)(2)). *Id.* Thereafter, "once the alien provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the Government must respond with evidence sufficient to rebut that showing." *Id.* If, after considering the evidence, the Court finds

that "removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699.

### III.   Discussion

Respondents argue that "Petitioner is detained under [§] 1231(a)(2)(A), not [§] 1231(a)(6)" and therefore "*Zadvydas* cannot justify his release." (Doc. 5 at 4). To reach that conclusion, Respondents posit that "Petitioner has not cooperated with ICE's reasonable requests to help them obtain travel documents," and the § 1231(a)(1) has therefore been "restarted" pursuant to § 1231(a)(1)(C).[1] (*Id.*). Specifically, Respondents argue that on January 28, 2026, Petitioner "refused to cooperate with ICE's efforts to obtain a travel document for him by refusing to allow them to take his photo." (*Id.* at 2).

As an initial matter, § 1231(a)(1)(C) provides only that the § 1231(a)(1) period may be "extended." This "extended period" lasts only "for the duration of the obstruction." *Diouf v. Mukasey*, 542 F.3d 1222, 1231 (9th Cir. 2008) (internal citation omitted). Nothing in § 1231(a)(1)(C) provides that it acts to "restart" the 90-day § 1231(a)(1) period.

Further, as noted, Petitioner's removal order became final on August 7, 2025. The 90-day § 1231(a)(1) period therefore expired on or about November 7, 2025, nearly three months *before* the alleged violation of § 1231(a)(1)(C). As a matter of statutory construction, it is not clear how a period that has already "expired" could somehow be "extended," and none of the authority provided by Respondents sheds light on this question. *See Lema v. I.N.S.*, 341 F.3d 853 (9th Cir. 2003) (finding that § 1231(a)(1)(C) extended removal period when alien took actions that began during the removal period to frustrate efforts to obtain travel documents); *Pelich v. I.N.S.*, 329 F.3d 1057 (9th Cir. 2003) (same).

Even assuming *arguendo* that post-§ 1231(a)(1) conduct can extend the § 1231(a)(1) period, the evidence provided does not support that Petitioner's conduct violated §

---

[1] Section 1231(a)(1)(C) provides that "[t]he removal period shall be extended beyond a period of 90 days and the alien may remain in detention during such extended period if the alien fails or refuses to make timely application in good faith for travel or other documents necessary to the alien's departure or conspires or acts to prevent the alien's removal subject to an order of removal."

- 3 -

1231(a)(1)(C).  Respondents allege that on January 28, 2026, Petitioner "fail[ed] to comply with his obligation to assist in obtaining a travel document" by "refusing to allow his photo to be properly taken."  (Doc. 5-1 ¶ 15).  Petitioner concedes that he refused to allow his picture to be taken. (Doc. 6-1 ¶ 7).  However, Petitioner further avows—without evidence to the contrary—that the ICE officer attempting to take his photo told him that the photo was necessary to "send[ Petitioner] back to China."  (*Id.* ¶ 5).  When Petitioner "told the officer that [he] could not return to China," the officer nevertheless "continued to insist that [Petitioner] would be sent back to China" and that the "photograph was required for that purpose."  (*Id.* ¶¶ 5-6).  Petitioner further avows that "[i]f [he] had been told that the photograph was for any lawful purpose unrelated to removal to China—such as processing for transfer to a safe third country—[he] would have complied."  (*Id.* ¶ 8).  Petitioner further avows that even without the photograph, the government has had his passport and national ID—which presumably include a photograph of Petitioner—since no later than August 7, 2025, when Petitioner submitted them during his withholding hearing.  (*Id.* ¶ 9).

On this record, the Court concludes that Petitioner has not violated § 1231(a)(1)(C).  No evidence supports that Petitioner was not acting "in good faith" in refusing to submit to the photograph.  8 U.S.C. § 1231(a)(1)(C).  Petitioner has been granted withholding of removal to China, and any request meant to effectuate his removal to China would therefore have been unlawful.  Resistance to such a request would have been in compliance with the IJ"s August 7, 2025 removal order, and, by definition, "in good faith."[2]  Accordingly, the Court concludes on this record that the § 1231(a)(1) period has not been extended pursuant to § 1231(a)(1)(C), and that Petitioner's continued detention is thus governed by § 1231(a)(6).

As such, as of the date of this Order, Petitioner has been detained beyond the "presumptively reasonable" period articulated in *Zadvydas*.  Therefore, to obtain relief

---

[2] It is also unclear what prompted the attempted photograph on January 28, 2026, as Respondents represent that as of that date they were not even responsible for identifying a third country for removal (rather, that responsibility had passed to the State Department), and no evidence has been provided that any travel document request was pending as of that date.  (Doc. 5-1 ¶ 14).

Petitioner must first provide "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future," and, if he does so, Respondents "must respond with evidence sufficient to rebut that showing." *Id.*

The Court finds that Petitioner has satisfied his initial burden because he has been granted withholding of removal to China. There is thus "good reason" to believe that there is no significant likelihood of his removal to China in the reasonably foreseeable future. The burden thus shifts to Respondents to rebut that showing "with evidence sufficient." 533 U.S. at 699.

Respondents have failed to do so. Respondents make no argument that Petitioner's removal is significantly likely to occur in the reasonably foreseeable future, and concede that no third country for removal has even been identified. (Doc. 5-1 ¶ 16). This is insufficient to discharge Respondents' burden under *Zadvydas*. On the record presented, no evidence supports that there is a significant likelihood that Petitioner will be removed from the United States in the reasonably foreseeable future. Accordingly, the Court will grant the Petition and order that he be immediately released from custody.

**IT IS THEREFORE ORDERED** that:

(1)    The Petition for Habeas Corpus (Doc. 1) is **granted**.

(2)    Respondents must **IMMEDIATELY RELEASE** Petitioner from custody.

(3)    Within **48 HOURS** of this Order, Respondents must file a Notice of Compliance.

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

. . . .

(4)     The Clerk of Court must enter judgment accordingly, and close this case.

Dated this 28th day of April, 2026.

Honorable Diane J. Humetewa
United States District Judge